UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ILONA TOOTH and NATHANIEL TOOTH,
          Plaintiffs,

v.

THOMAS A. PISERCHIA, MD; THOMAS A
PISERCHIA, MD, FAANOS, PC; BON
SECOURS CHARITY HEALTH SYSTEM,
INC.; and BON SECOURS COMMUNITY
HOSPITAL,
          Defendants.
------------------------------------------------------------x



**ORDER**

17 CV 2124 (VB)

      Plaintiffs commenced this action on March 23, 2017 (Doc. #1). On June 29, 2017, the Court issued a Civil Case Discovery Plan and Scheduling Order setting a May 1, 2018, discovery deadline. (Doc. #43). Plaintiffs filed a second amended complaint on July 10, 2017 (Doc. #45) and defendants thereafter filed answers. (Docs. ##47, 48, 53).

      On October 17, 2017, defendants Thomas A. Piserchia, MD, and Thomas A. Piserchia, MD, FAANOS P.C. (the "Piserchia defendants"), with defendants' consent, requested that the case be stayed pending liquidation of the assets of Dr. Piserchia's medical malpractice insurance carrier, Oceanus Insurance Company, which had been declared insolvent by the South Carolina Department of Insurance. According to counsel, a South Carolina state court enjoined the further prosecution of any actions or proceedings brought against Oceanus's insureds pending liquidation, pursuant to the Uniform Insurers Liquidation Act. (Doc. #59). This Court granted the stay request. (Doc. #60).

      On October 24, 2019, counsel for the Piserchia defendants advised the Court that the Appellate Division, Second Department, had issued a decision affirming the denial of a stay request in an action pending in Supreme Court, Orange County, against certain Oceanus insureds. (Doc. #75). See Hala v. Orange Regional Medical Center, 178 A.D.3d 151 (2d Dep't 2019). In essence, the Second Department ruled that the South Carolina court lacked personal jurisdiction over the plaintiffs in the Orange County case and that the Full Faith and Credit Clause and the doctrine of interstate comity did not compel recognition of the South Carolina state court injunction. The Second Department recognized the practical significance of its ruling, namely, that the Oceanus insureds would have to bear the burden of defending themselves. Id. at 164.

      In a subsequent letter, counsel for the Piserchia defendants stated he was in the process of determining whether the Piserchia defendants would retain him directly, and, if not, he would seek to be relieved. (Doc. #77). On December 6, 2019, counsel for the Piserchia defendants stated he had not be retained and therefore intended to move to be relieved. (Doc. #80). Thereafter, the Court so-ordered the parties' joint status report, and directed (i) plaintiffs'

1

counsel to move to lift the stay by December 30, 2019, and (ii) counsel for the Piserchia defendants to move to be relieved by January 15, 2020. (Doc. #83).

Plaintiffs' counsel moved to lift the stay on January 14, 2020.[1] (Doc. #84). In that motion, plaintiffs' counsel states "[t]he parties are conferring about the discovery schedule going forward and anticipate supplying that to [the Court] shortly."

Also on January 14, 2020, counsel for the Piserchia defendants filed a letter stating another law firm had been retained by the Piserchia defendants. (Doc. #85). Thus, rather than file a motion to be relieved, counsel requested "time for the execution and filing of a Consent to Change Attorneys, the transfer of the file to [new counsel], and for [new counsel] to get caught up to speed." (Id.). Moreover, counsel stated that new counsel, who was copied on the letter, would "likely separately request time from the Court." (Id.).

In light of the foregoing, it is HEREBY ORDERED:

1. By January 29, 2020, newly-retained counsel for the Piserchia defendants shall file an appearance and either a consent to change attorneys or other notice of substitution of counsel.

2. By February 12, 2020, either (i) all counsel shall file a joint letter stating that all parties consent to the lifting of the stay, or (ii) defendants (or any of them) shall file an opposition to plaintiffs' motion. If any party opposes lifting the stay, plaintiffs shall file a reply by February 19, 2020. If all parties consent to the lifting of the stay, the parties shall include a proposed revised civil case discovery plan and scheduling order as an attachment to their letter.

3. Counsel for the Piserchia defendants shall serve a copy of this Order on newly-retained counsel.

Dated: January 15, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] This was two weeks after the deadline to do so had expired. However, defendants consented to the late filing.